Dear Representative Crowe:
You have requested an opinion from this office concerning the restrictions for Lake Village Subdivision, Phase One, located in St. Tammany Parish, Louisiana. A copy of those restrictions was submitted with your request, which asked whether or not they are enforceable; and, if so, how would they be enforced?
Building restrictions are governed by Louisiana Civil Code Articles 775 — 783, and are usually enforced by an action for injunction by either the original subdivider or by land owners in the subdivision. Louisiana Civil Code Article 779. However, no action may be brought after two years from the commencement of a noticeable violation of a building restriction. Louisiana Civil Code Article 781.
Section 12 of the submitted restrictions for Lake Village Subdivision, Phase One, provides for a twenty-five year term from the date of recording, and these restrictions were recorded on November 20, 1978. Thus, it appears that these restrictions are still in effect.
However, Section 19 of these restrictions also provides that they will automatically become amended to agree with and conform to the building codes or any ordinances governing subdivisions or the building of residences in St. Tammany Parish. Furthermore, Louisiana Civil Code Article 780 provides that building restrictions may be amended or terminated as provided in the act establishing the restrictions or, in the absence of such a provision, they may be amended or terminated for the whole or a part of the restricted area by agreement of the owners representing more than one half of the land area affected by the restrictions, excluding streets and street rights-of-way, if the restrictions have been in effect for at least fifteen years. Building restrictions will also be considered terminated if there is an abandonment of the entire restrictive plan or a general abandonment of a particular restriction. Louisiana Civil Code Article 782.
Based upon the information available to us, we are unable to comment on whether or not these restrictions may have either been amended or whether these restrictions may have been terminated either in whole or in part.
We hope that the above will be of assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp